**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4175**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHEE TONY MANDRELL DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:15-cr-00129-TMC-18)

Submitted: October 15, 2019                    Decided: October 17, 2019

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chee Tony Mandrell Davis pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute marijuana, cocaine base, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012), and the district court sentenced him to 78 months' imprisonment and 5 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court committed reversible error during Davis' Fed. R. Crim. P. 11 hearing or sentencing hearing. Davis filed a pro se supplemental brief claiming that he received ineffective assistance of counsel when his trial attorney failed to challenge Davis' allegedly deficient indictment and withdrew his objections to Davis' Sentencing Guidelines calculation. The Government declined to file a response brief. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Davis did not move to withdraw his guilty plea in the district court, we review the adequacy of the plea colloquy for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Based on our review of the Rule 11 hearing, we conclude that the plea was knowing, voluntary, and

2

supported by an independent basis in fact and that the district court therefore did not plainly err in accepting Davis' guilty plea.

Next, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the sentencing transcript reveals no significant procedural or substantive errors. The district court accurately calculated Davis' advisory Guidelines range, gave the parties the opportunity to present argument and Davis the opportunity to allocute, and imposed a below-Guidelines-range sentence. We conclude therefore that Davis fails to rebut the presumption of reasonableness we afford his sentence. *See id.*

As to Davis' claim that he received ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*,

3

821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See DeFusco*, 949 F.2d at 120-21. Our review of the record identified no conclusive evidence of ineffective assistance. Davis' claim "should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*